# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CLINTON S. COOK**, | ) |
| Plaintiff, | ) Case No. 7:21CV00140 |
| v. | ) **OPINION** |
| **NORTHWESTERN REGIONAL ADULT DETENTION CENTER JAIL, ET AL.**, | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Clinton S. Cook, Pro Se Plaintiff.*

Clinton S. Cook, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he slipped in water, fell, and was injured. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Cook is incarcerated at Northwestern Regional Adult Detention Center ("NRADC"). His Complaint and attached grievance forms allege the following sequence of events on which Cook bases his claim. On November 1, 2020, the toilet in Cell 14 flooded, causing water to run onto the floor in Cook's living area, Cell 13. Cook and others "asked [an officer] for a wet floor signs [sic] She said no and hung up and get the water up. Then after [Cook] fell then she tells us to get the wet floor sign." Compl. Attach. 2, ECF No. 1–2. Cook alleges that when he fell, he hurt his

back and hip. He asserts that an officer should have put out a wet floor sign more quickly. Cook sought medical treatment for his hip injury.

In the § 1983 Complaint, Cook names as defendants NRADC, James Whittley, and Clay Corbin. Cook does not state what relief he seeks in the action.

Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Cook cannot prevail in a § 1983 claim against the NRADC. A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").

Moreover, in a § 1983 case, "'[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights.'" *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

In any event, while I sympathize with Cook's pain after the fall, the event that allegedly caused his distress simply was not a violation of his constitutional rights.

The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In other words, an official's merely negligent action or inaction is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Cook's allegations, at the most, suggest that NRADC staff members were negligent in failing to post warning signs sooner about the water on the floor or to clear it. Such mere negligence cannot support a claim of unconstitutional punishment to be actionable under § 1983.

For the reasons stated, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

-4-

DATED: May 20, 2021

/s/  JAMES P. JONES
United States District Judge